1

2

3

4

5

6

7                        IN THE UNITED STATES DISTRICT COURT

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   BENJAMIN POCO AND BIENVENIDA
     POCO,
11                                                      No. 11-02269  EDL
                 Plaintiffs,
12                                               **ORDER GRANTING IN PART**
        v.                                       **DEFENDANT'S MOTION FOR**
13                                               **ATTORNEY'S FEES**
     WACHOVIA MORTGAGE CORPORATION,
14
                 Defendants.
15   _____/

16          Plaintiffs Benjamin and Bienvenida Poco filed this action against Defendant Wachovia

17   Mortgage in state court on April 6, 2011, asserting violations of the Truth in Lending Act (TILA),

18   15 U.S.C.A. § 1635(b), as well as various state laws.  Defendant removed the action on May 9,

19   2011.  On May 16, 2011, Defendant filed a motion to dismiss and a motion to strike two paragraphs

20   of Plaintiffs' complaint.  On July 5, 2011, the Court granted Defendant's motion to dismiss without

21   leave to amend, and issued a judgment.

22          Defendant now seeks an award of attorneys' fees in the amount of $7,938.00 for time spent

23   litigating this case through June 2011, plus $1,520.00, consisting of fees for preparing the fee motion

24   and estimated fees for preparing the reply and attending the hearing, for a total of $9,458.00.  See

25   Declaration of Viddell Heard (Heard Decl.) ¶ 5.  Because this matter is appropriate for decision

26   without oral argument, the Court vacated the August 23, 2011 hearing.  For the reasons stated in this

27   Order, Defendant's Motion for Attorney's Fees is granted in the amount of $8,886.00.

28

**United States District Court**
For the Northern District of California

**Discussion[1]**

**A.      A fee award is appropriate**

Two provisions in the loan documents at issue in the Complaint justify Defendant's fee request.  The Adjustable Rate Mortgage Note signed by Plaintiffs provides:

> **7(E) Payment of Lender's Costs and Expenses**
> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses may include, for example, reasonable attorneys' fees and court costs.

Request for Judicial Notice Ex. B at 4.[2]  Additionally, the Deed of Trust signed by Plaintiffs provides:

> If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees. . . I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes….

RJN Ex. C at 7.

California law governs Defendants' right to recover fees pursuant to an underlying contract.  See Berkla v. Corel Corp., 302 F.3d 909, 919 n.11 (9th Cir. 2002).  California Civil Code § 1717 states:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.
>
> . . .

---

[1]      The background of this case is extensively set forth in the Court's July 5, 2011 Order and is incorporated by reference here.

[2]      In support of its fee motion, Defendant filed a request for judicial notice of, among other things, the Adjustable Rate Mortgage Note and Deed of Trust at issue central to Plaintiff's complaint.  The Court may take judicial notice of documents referred to by the complaint if they are authentic and central to plaintiff's claim. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).  Plaintiff does not dispute that these documents are authentic, and the Court takes judicial notice of these documents.

United States District Court
For the Northern District of California

Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

. . .

(b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

Section 1717(b) does not require that the prevailing party necessarily prevail on the merits, and instead, states that the prevailing party "shall be the party who recovered a greater relief in the action on the contract." Here, Defendant recovered a greater relief in this action, which was dismissed without leave to amend. Further, Defendant prevailed to the extent that the Court found that the state law claims were preempted by federal regulations, and the TILA claim was barred by the statute of limitations. Thus, Defendant was the prevailing party for purposes of Section 1717(b).

Further, Plaintiff's lawsuit to prevent Wells Fargo from enforcing the Note by enjoining the foreclosure sale, rescinding the Note and canceling the Deed of Trust was an action that "significantly affected [the] Lender's interest in the Property" under the deed of trust. Also, Plaintiff's lawsuit and all of the resulting costs and fees thus fall squarely within the contractual clause allowing fees in any action to "enforce the Note." Thus, a fee award is appropriate.

**B.      Reasonableness of the fees sought**

In calculating reasonable attorney fees, courts consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases. LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1339 (9th Cir.

3

United States District Court
For the Northern District of California

1986).  In order to determine what rate is "reasonable," courts look at "prevailing market rates in the relevant community."  <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984); <u>Davis v. City of San Francisco</u>, 976 F.2d 1536, 1545 (9th Cir. 1992) (a reasonable hourly rate should be determined "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity").

Defendant argues that the fees sought are reasonable in light of the experience of counsel and the prevailing market rates in the relevant community for similar work.  In support of its motion, Defendant has submitted the declaration of attorney Viddell Heard, attesting to fees of $9,458.00, as well time records for Mr. Heard and other members of his firm who worked on this matter.  Together these documents detail the number of hours billed, the nature of the services rendered, and the hourly rate and qualifications of each attorney and paralegal who worked on the matter since it was filed.  Plaintiffs do not contest the reasonableness of the attorneys' or paralegals' hourly rates and the Court finds that the rates are reasonable for the San Francisco area.

Instead, Plaintiffs challenge the reasonableness of the time Defendant's counsel spent on the action.  Plaintiffs argue that the fee request should be denied in full because Defendant has not presented any evidence of what Wachovia actually *paid* to the law firm, and the only showing was what has been *billed* to the client.  However, Plaintiff has cited no authority that fee awards are limited to the amount paid, rather than the amount reasonably billed.

Next, Plaintiffs argue that the fee request is unreasonably inflated because Defendant staffed this case with eight attorneys and staff, who engaged in duplicative work.  For example, Plaintiffs note that on April 12-13, 15-16, 19 and May 4-5, 2011, multiple individuals were involved in "review" and "analysis," and on April 12 and 13, 2011, three individuals "reviewed" the case. Heard Decl. Ex. A at 5-7.  Defendant, however, persuasively explains that these eight individuals largely worked at different times and performed different and non-duplicative functions on this case. As an example, Defendant states that the review in April by different counsel focused on different aspects of the case, such as new case documents, the complaint and bankruptcy filings.  <u>Id.</u>  Further, senior attorneys Mark Flewelling and Christopher Carr performed limited initial reviews of the

United States District Court
For the Northern District of California

action and did not bill on the case again.  Id. at 5-6.  As another example of allegedly duplicative billing, Plaintiffs note that on April 13, 2011, Sandy Dries, a paralegal, performed "due diligence bankruptcy search for debtor, property profile, transaction history, recorded title documents, judicial profile, LP and review court docket" for 0.8 hours.  Id. at 6.  Plaintiffs also note that paralegal William Slone "retrieved updated property profile and recorded title documents for use in litigation" for 0.3 hours  Id. at 6.  Defendant counters that these individuals were working in tandem, and in particular, Dries was the lowest billing employee and prepared an "Article 7" letter to Plaintiffs regarding attorneys fees, and Slone retrieved documents for removal and dismissal.  Defendant notes that both paralegals did not bill anything else on this case.

In examining the billing records as a whole, the majority of the hours were spent by Mr. Heard and paralegal Gabriel Hernandez.  See Heard Decl. Ex. A at 10.  The other six individuals who billed in this case each spent less than three hours, and in two instances, less than one hour, on this case.  Id.  Further, Defendant points out that it took steps to reduce the amount of fees in this case by having paralegals initially draft the Notice of Removal, Request for Judicial Notice, Motion to Strike and Proposed Orders.  Even though eight individuals billed in this case, the billing records do not reflect that Defendant overstaffed this case or engaged in duplicative work.

Also, Plaintiffs argue that some tasks indicated on the billing are unclear.  For example, on May 4, 2011, Malinda Sinclair billed 0.2 hours for "Other Case Assessment, Development and Administration."  Heard Decl. Ex. A at 7.  Plaintiffs also point to 0.2 hours spent by Viddell Heard that has the same description.  Id.  Defendant notes that these entries are less than 0.5 hours, and that for most of the time entries, the description of work is specific, even broken down by the claims worked on by each attorney in the motion to dismiss.  However, Plaintiffs have made a showing that these specific billing entries are vague.  Therefore, the Court will reduce the fee award by these 0.4 hours.

**Conclusion**

Accordingly, Defendant's motion for attorney's fees is granted in part as described above.  In addition, Defendant estimated Mr. Heard would spend 2.5 hours on preparing the reply for this

motion and attending the hearing.  See Heard Decl. ¶ 5.  Because there was no hearing in this case, the Court reduces the estimated hours by 1.5 hours.  Thus, the motion is granted in the amount of $8,886.00.

**IT IS SO ORDERED**.

Dated: August 24, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28